## SUBURBAN NATIONAL BANK OF PALATINE, a National Banking Association, Plaintiff,

v.

## The FEDERAL RESERVE BANK OF CHICAGO, Defendant.

### No. 89 C 4987.

United States District Court, N.D. Illinois, E.D.

Sept. 13, 1989.

Alan L. Fulkerson, Peter G. Fitzgerald, Riordan Larson Bruckert & Moore, Chicago, Ill., for plaintiff.

Elizabeth A. Knospel, Anna M. Voytovich, Federal Reserve Bank of Chicago, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff Suburban National Bank of Palatine ("Suburban") filed this action against the Federal Reserve Bank of Chicago ("Reserve"), pursuant to 12 U.S.C. § 632, which confers federal jurisdiction over civil suits in which a Federal Reserve Bank is a party. The Reserve now moves to dismiss the complaint. For the reasons stated below, we deny this motion.

The complaint is based on a banking transaction between Suburban and the Reserve. For the purpose of deciding this motion to dismiss, we assume that the plaintiff's allegations are true. *Zinser v. Rose*, 868 F.2d 938, 939 (7th Cir.1989). In February of 1988, Suburban's agents sent three cash letters to the Reserve for processing. These cash letters contained checks totaling $112,212.01. The Reserve subsequently credited Suburban's account for this amount, reflecting acceptance of these items.

However, on February 24, 1988, the Reserve debited Suburban's account in the gross amount of $120,151.79 for "cash letter adjustments." This debit included charges of $104,588.65 and $7,623.36, which equaled the amounts of two of the three cash letters sent by Suburban to the Reserve. As a result of these debits, Suburban subsequently received an overdraft notice.

Suburban claims that the Reserve lost or destroyed the checks sent by Suburban in its February cash letters. According to Suburban, the Reserve Bank breached its duty of ordinary care by losing or destroying these cash letters after its receipt of these items. Furthermore, Suburban asserts that the Reserve's failure to notify Suburban of the loss of the checks, and its refusal to pay Suburban National for the items was in bad faith.

Reserve moved to dismiss the complaint. Assuming that the plaintiff was seeking recovery for common law negligence, the Reserve's primary argument was that the complaint should be dismissed because common law negligence has been displaced by the Uniform Commercial Code, Ill.Ann. Stat. ch. 26 ("UCC"). However, in response to the Reserve's motion, Suburban stated that, "Suburban National's Complaint states a claim based on the UCC, not on common law negligence."[1] Suburban explained that it was seeking recovery under § 4–202 of the UCC.

> Section 4–202(1) of the UCC provides:
> (1) A collecting bank must use ordinary care in
>> (a) presenting an item or sending it for presentment; and
>>
>> \* \* \* \* \* \*
>>
>> (e) notifying its transferor of any loss or delay in transit within a reasonable time after discovery thereof.

Ill.Ann.Stat. ch. 26, § 4–202. "A district court may dismiss a complaint for failure to state a claim only if the plaintiff cannot prove any set of facts upon which relief may be granted." *Rankow v. First Chicago Corp.*, 870 F.2d 356, 357 (7th Cir.1989) (citations omitted). In the present case, Suburban would be entitled to recovery under § 4–202 if it can prove that the Reserve breached its duty of ordinary care by losing or destroying the checks and failing to notify Suburban of this loss within a reasonable period of time. Therefore dismissal is not warranted.

Accordingly, defendant Federal Reserve Bank of Chicago's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is denied. However, Suburban's failure to clearly plead its cause of action led to the Reserve's confusion. In light of this ambiguity, within 14 days Suburban should amend its complaint to more clearly state the legal basis for this action. The status hearing scheduled for September 15, 1989, is reset to September 29, 1989, at 10:30 a.m. It is so ordered.

---

1. Suburban's Memorandum in Opposition to Motion to Dismiss, at p. 3.